1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ANTHONY MINOR,                          No.  1:23-cv-00411-SKO (HC)

12                  Petitioner,              **ORDER DENYING PETITION FOR WRIT
                                             OF HABEAS CORPUS**
13          v.
                                             **ORDER DIRECTING CLERK OF COURT
14                                           TO ENTER JUDGMENT AND CLOSE
     T. JOHNSON,                             CASE**
15
                  Respondent.
16

17

18          Petitioner is a federal prisoner proceeding *pro se* and *in forma pauperis* with a petition for

19   writ of habeas corpus pursuant to 28 U.S.C. § 2241.  The parties having consented to the exercise

20   of magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1), the matter was reassigned to

21   the undersigned for all purposes, including entry of final judgment. (Docs. 5, 6, 7.)

22          On March 20, 2023, Petitioner filed a petition for writ of habeas corpus.  (Doc. 1.)  On

23   May 22, 2023, Respondent filed a motion to dismiss and answer to the petition. (Doc. 8.)  On

24   June 14, 2023, Petitioner filed an opposition to the motion.  (Doc. 9.)  On June 23, 2023,

25   Petitioner filed a motion to amend the petition to include additional documentation. (Doc. 10.)

26   The Court granted Petitioner's motion to amend on July 10, 2023, and directed the parties to

27   provide supplemental briefing.  (Doc. 11.)  On August 9, 2023, Respondent filed a supplement.

28   (Doc. 12.)  Petitioner filed a response to the supplement on August 23, 2023.  (Doc. 13.)

                                              1

1    For reasons discussed below, the Court will deny the petition with prejudice.

2                                    **DISCUSSION**

3    **I.      Background**

4          *A.      Relevant State Proceedings*

5          On May 4, 2011, Petitioner was arrested in Criminal Court 9, Dallas County, Texas, for

6    the crime of driving while intoxicated ("DWI") on October 17, 2009, in Case No. MB09-31032-

7    K. (Doc. 8-1 at 76.)  On May 7, 2012, Petitioner entered a plea of nolo contendere and, pursuant

8    to plea bargain, was sentenced to 90 days in jail with credit for time served.  (Doc. 8-1 at 76, 78.)

9    The 90-day DWI sentence expired on August 1, 2011. (Doc. 8-1 at 78.)

10         On May 4, 2011, Petitioner was also arrested in the 291st Judicial District Court of Dallas

11   County, Texas, on charges of aggravated assault with a deadly weapon, retaliation and engaging

12   in organized crime in Case Nos. F-113115, F-1131154, and F-1116747.  (Doc. 8-1 at 41.)  On

13   May 7, 2012, he was sentenced to a term of 7 years of probation. (Doc. 8-1 at 42, 78.)  On May 7,

14   2019, the term expired. (Doc. 8-1 at 42.)

15         On June 6, 2012, Petitioner was released from the custody of Dallas County Sheriff's

16   Office to a substance abuse program in lieu of serving jail time. (Doc. 8-1 at 78.)

17         On May 4, 2013, Petitioner was arrested in Dallas, Texas, for failing to identify and giving

18   false information in Case No. MB13-18855.  (Doc. 8-1 at 42.)  He was released from custody on

19   May 21, 2013. (Doc. 8-1 at 42.)  The charges were later dismissed. (Doc. 8-1 at 42.)

20         On June 3, 2013, Petitioner was arrested in Dallas, Texas, for driving while intoxicated in

21   Case No. MA13-57820. (Doc. 8-1 at 42.)  Petitioner was released from custody on June 4, 2013,

22   and the charge was later dismissed. (Doc. 8-1 at 42.)

23         *B.      Federal Proceedings*

24         On October 22, 2013, Petitioner was indicted in the United States District Court for the

25   Northern District of Texas (hereinafter "NDTX") for federal access device fraud, financial

26   institution fraud, identity theft, and conspiracy to defraud federally insured institutions.  See

27   United States v. Minor, Case No. 3:13-cr-00415 (N.D. Tex. 2013).  On November 1, 2013, a writ

28   of habeas corpus ad prosequendum was issued and Petitioner was taken into temporary federal

                                          2

custody on November 25, 2013.  (Doc. 8-1 at 101, 104.)  On November 26, 2013, Petitioner was released from state custody and came under primary federal custody.  (Doc. 8-1 at 106.)

On March 18, 2015, Petitioner was sentenced in the NDTX court to an aggregate term of 192 months. (Doc. 8-1 at 42.)

C.    *Federal Sentence Calculation*

After sentencing in NDTX, the Bureau of Prisons ("BOP") calculated Petitioner's sentence based on the 192-month term of imprisonment.  The sentence commenced on March 18, 2015, and Petitioner was credited with 953 days of prior custody credit. (Doc. 8-1 at 43.)  The BOP credited Petitioner's sentence for numerous dates spent in jail subsequent to his federal offense date.  He was not credited for the 90 days spent in custody from May 4, 2011, to August 1, 2011, because this was time credited against his state DWI sentence in Case No. MB09-31032-K in Dallas County.  (Doc. 8-1 at 43.)  He was also not credited for time served in a pretrial drug treatment program for the period between June 6, 2012, through January 1, 2013. (Doc. 8.)

**II.    Jurisdiction**

Writ of habeas corpus relief extends to a person in custody under the authority of the United States.  See 28 U.S.C. § 2241.  While a federal prisoner who wishes to challenge the validity or constitutionality of his conviction must bring a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255, a petitioner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241.  See, e.g., Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990); Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991).  To receive relief under 28 U.S.C. § 2241, a petitioner in federal custody must show that his sentence is being executed in an illegal, but not necessarily unconstitutional, manner. See, e.g., Clark v. Floyd, 80 F.3d 371, 372, 374 (9th Cir. 1995) (contending time spent in state custody should be credited toward federal custody); Jalili, 925 F.2d at 893-94 (asserting petitioner should be housed at a community treatment center); Barden, 921 F.2d at 479 (arguing Bureau of Prisons erred in determining whether petitioner could receive credit for time spent in state custody); Brown, 610 F.2d at 677 (challenging content of

1    inaccurate pre-sentence report used to deny parole).

2        Here, Petitioner alleges he is being unlawfully denied credit against his federal sentence

3    for time served in state custody between May 4, 2011, and August 2, 2011, and for time spent in a

4    drug treatment facility from June of 2012 to January of 2013.  Thus, Petitioner is challenging the

5    execution of his sentence rather than its imposition, and the claim is proper under 28 U.S.C. §

6    2241.

7        A petitioner filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 must file

8    the petition in the judicial district of the petitioner's custodian.  Brown, 610 F.2d at 677.

9    Petitioner is incarcerated at the Central Valley Annex located in McFarland, California, which is

10   located within the jurisdiction of this Court. 28 U.S.C. §§ 2254(a); 2241(d).

11   **III.     Commencement of Federal Sentence**

12       The authority to compute a federal prisoner's sentence is delegated to the Attorney

13   General and is exercised through the Bureau of Prisons. United States v. Wilson, 503 U.S. 329,

14   334-35 (1992); Allen v. Crabtree, 153 F.3d 1030, 1033 (9th Cir. 1998), *cert denied*, 525 U.S.

15   1091 (1999).  "Computing a federal sentence requires two separate determinations: first, when the

16   sentence commences; and, second, to what extent the defendant in question may receive credit for

17   any time already spent in custody."  United States v. Smith, 812 F.Supp 368, 370 (E.D.N.Y.

18   1993); Jimenez v. Warden, FDIC, Fort Devens, Mass., 147 F.Supp.2d 24, 27 (D.Mass.2001);

19   Chambers v. Holland, 920 F.Supp. 618, 621 (M.D.Pa. 1996), *affirmed by*, 100 F.3d 946 (3rd Cir.

20   1996).  A federal sentence commences "on the date the defendant is received in custody. . . to

21   commence service of sentence at the official detention facility at which the sentence is to be

22   served." 18 U.S.C. § 3585(a); Thomas v. Brewer, 923 F.2d 1361, 1369 (9th Cir. 1991).  In this

23   case, Petitioner's federal sentence commenced on March 18, 2015, when he was sentenced in the

24   NDTX court and taken into federal custody.

25       Title 18 U.S.C. § 3585 further provides, *inter alia*, that "[a] defendant be given credit for

26   any time spent in official detention prior to the date a sentence commences . . . *that has not been*

27   *credited against another sentence*."  18 U.S.C. § 3585(b) (emphasis added).  Respondent

28   concedes that Petitioner is entitled to approximately 10 months of his 21-month demand.

4

1   Respondent states, and Petitioner does not dispute, that Petitioner's sentence has been credited

2   with this time.  As to the period between May 4, 2011, and August 2, 2011, Respondent correctly

3   states that Petitioner is not entitled to any credit because this time has already been credited

4   toward a state sentence.  Specifically, Petitioner served this time in jail for his state DWI

5   conviction in Dallas County Criminal Court 9 in Case No. MB09-31032-K.  (Doc. 8-1 at 76.)

6          Petitioner contends, however, that he was not in custody during this time on his DWI

7   conviction.  He states he was in custody during this period because of his arrest for organized crime,

8   aggravated assault, and retaliation.  He contends that the DWI conviction at issue was a result of

9   mistaken identity and points to a NDTX probation report addendum in support.  As Respondent

10  correctly notes, the addendum did not indicate that the NDTX court concluded that Petitioner did

11  not suffer the state DWI conviction or that Petitioner was not incarcerated during the relevant time

12  period for the state DWI conviction.  In fact, the NDTX court specifically "declined to make any

13  changes to [Petitioner's] sentence, noting that it did not have enough independently verified facts

14  to make any sentence adjustment or to even take any sentence adjustment into consideration." (Doc.

15  12-1 at 31-32.)  Thus, the addendum does not aid Petitioner's argument.

16         More importantly, there are no state records or court findings showing that Petitioner's

17  state court conviction was a result of mistaken identity, that the conviction was expunged, or that

18  the relevant time served did not satisfy the DWI sentence.  The abstract of judgment indicates that

19  Petitioner was sentenced on May 7, 2012, to 90 days pursuant to plea bargain, and Petitioner was

20  given 370 days for credit for time served.  (Doc. 8-1 at 76.)  Petitioner has submitted no evidence

21  of even attempting to seek relief in the state court for his claim of mistaken identity.  As there is

22  no plausible argument that Petitioner did not receive credit against his state DWI sentence for the

23  time spent in state custody between May 4, 2011, and August 2, 2011, he is not entitled to any

24  credit against his federal sentence, which would in effect be double credits in violation of 18

25  U.S.C. § 3585(b).  See United States v. Wilson, 503 U.S. 329, 337; Boniface v. Carlson, 856 F.2d

26  1434, 1436 (9th Cir. 1988) (per curiam) (concluding that "[s]ince the State of Florida gave

27  [petitioner] credit on his state sentence for the period of time he was denied release [from state

28  custody], he is not entitled to credit against his federal sentence for the same period of time");

1    United States v. LaBeille-Soto, 163 F.3d 93, 99 (2d Cir. 1998) ("[A] defendant has no right to

2    credit on his federal sentence for time that has been credited against his prior state sentence.").

3    Respondent is correct that the claim must be dismissed.

4        Petitioner also contends that his federal sentence should be credited for time he spent in a

5    drug treatment program for the period between June of 2012, and January of 2013. Respondent

6    correctly states that the drug treatment program does not constitute official detention within the

7    meaning of 18 U.S.C. § 3585(b). In Reno v. Koray, 515 U.S. 50, 56 (1995), the Supreme Court

8    held that pretrial time spent in a community treatment center did not constitute "official detention"

9    for purposes of awarding sentencing credits under § 3585(b). Further, the Supreme Court held that

10    "credit for time spent in 'official detention' under § 3585(b) is available only to those defendants

11    who were detained in a 'penal or correctional facility,' § 3621(b), and who were subject to BOP's

12    control." Id. at 58. Here, Petitioner was released to a drug treatment program by state authorities

13    in lieu of jail time. (Doc. 8-1 at 78.) Thus, he is not entitled to federal sentencing credits for this

14    time period, and the claim must be rejected.

15                               **ORDER**

16        Accordingly, IT IS HEREBY ORDERED:

17       1. The petition for writ of habeas corpus is DENIED WITH PREJUDICE; and

18       2. The Clerk of Court is DIRECTED enter judgment and close the case.

19

20    IT IS SO ORDERED.

21    Dated: __**September 8, 2023**__         _____/s/ Sheila K. Oberto_____

22                                   UNITED STATES MAGISTRATE JUDGE

23

24

25

26

27

28